*J. C. Carlisle, for appellant.*

*Benton & Benton, for appellees.*

---

HENRY PAYNE *v.* JOHN FARR.

**Personal Property—Sale—Innocent Purchaser.**

A contract of sale of personal property, where the title is retained in the seller until paid for, will not enable the seller to recover the property from an innocent purchaser from his vendee.

OPINION BY JUDGE COFER:

.Without deciding whether there is such a bill of exceptions as would warrant us in reversing the judgment, if it appeared to be erroneous, we feel bound to affirm it. If every fact the evidence even tends to prove be treated as established, still the verdict and judgment are right, for there is no evidence whatever upon which an instruction authorizing the jury to find for the appellant could have been predicated.

The evidence does not even tend to prove that the appellant was, by the terms of the contract of sale, to retain the title until the check was paid, and if it did, we have decided at this term in *Vaughn v. Hopson,* overruling *Patton v. McCane,* 15 B. Mon. 555, that a stipulation in the contract of sale of personal property, that the title is to remain in the vendor until the property is paid for, will not enable the seller to recover the property from an innocent purchaser from his vendee. Wherefore the judgment is *affirmed.*

*A. M. Swope, for appellant.*
*Brent & McMillan, for appellee.*